**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KAREN CASTON-PALMER,  )<br>also known as KAREN CASTON,  )<br>individually and on behalf of the class  )<br>defined herein,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>NCO PORTFOLIO MANAGEMENT, INC.,  )<br>  )<br>Defendant.  ) | 1 : 08 CV 2818<br>Judge Kennelly<br>Magistrate Judge Valdez |

**NOTICE OF FILING**

**TO**:   David Israel (disrael@sessions-law.biz)
James K. Schultz (jschultz@sessions-law.biz)
Sessions Fishman Nathan & Israel LLP
55 West Monroe Street, Suite 1120
Chicago IL 60603

**PLEASE TAKE NOTICE** that on August 15, 2008, I electronically filed with the Court a document entitled **AFFIDAVIT OF THOMAS E. SOULE PURSUANT TO FED.R.CIV.P. 56(f)**, a copy of which is attached hereto and hereby served upon you.

s/Thomas E. Soule
Thomas E. Soule

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

I, Thomas E. Soule, hereby certify that on August 15, 2008, this notice and the document referred to in it were filed electronically with the Court, and that a copy was sent by operation of the Court's electronic filing system to the following individuals:

David Israel (disrael@sessions-law.biz)
James Schultz (jschultz@sessions-law.biz)

s/Thomas E. Soule
Thomas E. Soule

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAREN CASTON-PALMER, <br> also known as KAREN CASTON, <br> individually and on behalf of the class <br> defined herein, <br><br> Plaintiff, <br><br> vs. <br><br> NCO PORTFOLIO MANAGEMENT, INC., <br><br> Defendant. | 1 : 08 CV 2818 <br> Judge Kennelly <br> Magistrate Judge Valdez |

**AFFIDAVIT OF THOMAS E. SOULE PURSUANT TO FED.R.CIV.P. 56(f)**

I, Thomas E. Soule, under penalty of perjury and pursuant to 28 U.S.C. §1746 and Fed.R.Civ.P. 56(f), hereby declare that the following is true and correct to the best of my knowledge:

1. I am counsel for plaintiff in the above-entitled case.

2. Plaintiff's complaint, filed on May 15, 2008, alleges that defendant violated the Fair Debt Collection Practices Act, the Illinois Collection Agency Act, and the Illinois Consumer Fraud Act by failing to comply with §8b of the Illinois Collection Agency Act.

3. On June 25 and 26, 2008, plaintiff served defendant with written discovery requests, pursuant the parties' Fed.R.Civ.P. 26(f) meeting, and a subsequent conference with this Court on July 15, 2008. Plaintiff was served with responses to these requests on August 8, 2008.

4. Plaintiff believes that defendant has improperly objected to several discovery requests, and therefore raised several discovery disputes with defendant by an e-mail sent to defendant's counsel on August 11, 2008. Defendant's response to these discovery disputes is pending, as is a conference on these disputes as required by Local Rule 37.2.

5. Based upon defendant's responses to plaintiff's discovery requests, on August 12, 2008, plaintiff filed a motion to amend her complaint in order to add an allegation that defendant

1

violated these same laws by seeking collection on a time-barred debt. This motion is noticed for hearing on August 19, 2008 at 9:30 a.m.

6.  Based upon defendant's responses to plaintiff's discovery requests, plaintiff served defendant with a notice of deposition on August 8, 2008, seeking the deposition of Anthony Albanese, David Schlee, Sarah Abrahams, and (pursuant to Fed.R.Civ.P. 30(b)(6)) a person employed by defendant who is knowledgeable about compliance with the Illinois Collection Agency Act, the Illinois Consumer Fraud Act and the Fair Debt Collection Practices Act. These depositions were scheduled to be taken on September 4, 2008. However, on August 15, 2008, plaintiff was informed by defendant that the depositions cannot go forward on that date because of scheduling conflicts, and because deponents are located in Phoenix, Arizona and Baltimore, Maryland. Alternative dates have been requested.

7.  Furthermore, plaintiff has issued subpoenas to Blitt & Gaines, P.C. (who represents NCO Portfolio Management in a case that it brought against Ms. Caston-Palmer), and Citibank (South Dakota), N.A. (who is the purported original creditor on the debt plaintiff allegedly owes). These subpoenas, which have also been served on defendant, seek the production of documents and (in the case of Citibank) a witness for deposition.

8.  On August 12, 2008, defendant filed a motion for summary judgment in the above-entitled matter, supported by a statement of material facts that relies upon (a) an affidavit submitted by Mr. Albanese and (b) a contract with Citibank that was attached to the affidavit.

9.  Plaintiff maintains, as she did at the July 15, 2008 conference with the Court, that summary judgment motions ought to be brought at the end of discovery and on a full factual record – which, as demonstrated above, plaintiff is attempting to obtain with all speed.

10.  However, at a minimum, further discovery that is essential to the substance of defendant's motion – and to the merits of the case generally – is required. Plaintiff is not yet in a position to present all facts that are material to the claims and arguments made in defendant's motion for summary judgment.

All of the preceding is true and correct to the best of my knowledge.

Executed on this day, August 15, 2008 in Chicago, Illinois.

_____
Thomas E. Soule

Subscribed to and sworn before me on this day, August 15, 2008.

_____
Notary Public

> Official Seal
> Lisa D Stroud
> Notary Public State of Illinois
> My Commission Expires 02/15/2012