**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KAREN CASTON-PALMER, | ) | |
| also known as KAREN CASTON, | ) | |
| individually and on behalf of the class | ) | |
| defined herein, | ) | |
| | ) | 1 : 08 CV 2818 |
| Plaintiff, | ) | Judge Kennelly |
| | ) | Magistrate Judge Valdez |
| vs. | ) | |
| | ) | |
| NCO PORTFOLIO MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**UNOPPOSED MOTION FOR PROTECTIVE ORDER**

Plaintiff, with the consent of defendant, respectfully requests that this Court enter a protective order regarding the disclosure of confidential information, in the form of a proposed order attached hereto as <u>Exhibit 1</u>. In further support of this motion, plaintiff states as follows:

1. Fed.R.Civ.P. 26(c)(1)(G) provides that this Court may enter an order, on good cause shown, that requires that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

2. In the course of discovery, the parties have identified two specific types of information that are properly protectable under the rule.

3. First, documents have been produced which disclose personal information about alleged debtors – including contact information, Social Security numbers, account numbers and the like. Public disclosure of this information could lead to acts of identity fraud against these individuals, making protection against disclosure of this information necessary.

4. Second, documents have been produced which disclose information that, if made

1

public, would put defendant at a competitive disadvantage. This information includes pricing information on debts that defendant purchases, and the number of debts that defendant purchases. Specifically, a contract (which has been attached to defendant's pending motion for summary judgment) has redacted from it information regarding the purchase of a portfolio of a certain number of debts (including plaintiff's), for a certain price.

5. As a part of ongoing discussion regarding discovery disputes – and in the course of resolving some of these disputes – the parties have conferred and agree that information that falls under either of these categories is properly protectable under Rule 26(c)(1)(G).

6. The parties have reviewed this Court's standing order regarding protective orders, and have incorporated terms that meets with this Court's specific requirements. (See Exhibit 1, ¶¶5, 6, 11.)

7. The protective order sought here is in concord with Seventh Circuit precedent regarding the proper bounds of protective orders, as this Court would retain the authority to ensure that the interests of the public in a public proceeding are protected. See, *e.g.*, *Union Oil Co. v. Leavell*, 220 F.3d 562, 567-568 (7th Cir. 2000).

8. Counsel for defendant has reviewed this motion, and does not object to the relief sought.

WHEREFORE, plaintiff respectfully requests that this Court enter a draft protective order, attached hereto as Exhibit 1.

          Respectfully submitted,

          s/ Thomas E. Soule
          Thomas E. Soule

Daniel A. Edelman
Cathleen M. Combs

2

James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

*EXHIBIT 1*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KAREN CASTON-PALMER, ) <br> also known as KAREN CASTON, ) <br> individually and on behalf of the class ) <br> defined herein, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NCO PORTFOLIO MANAGEMENT, INC., ) <br> ) <br> Defendant. ) | 1 : 08 CV 2818 <br> Judge Kennelly <br> Magistrate Judge Valdez |

**[PROPOSED] PROTECTIVE ORDER**

     This matter has come before the Court on a joint motion for a protective order. Pursuant to Fed.R.Civ.P. 26(c)(1)(G), this Court may enter an order, on good cause shown, that provides that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."

     The parties have identified and produced documents which reveal (a) the personal financial information of plaintiff and other consumers (including contact information, Social Security numbers, account numbers, amounts that consumers allegedly owe, and so on), and (b) information in contracts which, if made public, would cause a competitive disadvantage to defendant. The Court, after due consideration, finds that good cause exists for the entry of an order regarding the manner in which this information is disclosed.

     Accordingly, and with the Court being fully advised, IT IS HEREBY ORDERED AS FOLLOWS:

     1.     This Protective Order ("Order") shall govern the designation and handling of all confidential documents and information produced in this action by any party, non-party person, or entity.

     2.     Any person or entity (including non-parties) who is required to produce

documents or disclose information in discovery in this case (the "Producing Person") may designate as "confidential" any material that the producing person believes, in good faith, contains information related to pricing information and other sensitive commercial information, or personal information on consumers (including social security numbers, account information and the like), or any substantially similar kinds of information that are subject to a recognized, legally protected right to privacy ("Confidential Information").

3. Designation of Confidential Information shall be made at or prior to the time of production of documents by stamping or marking the documents as "confidential" in a location that makes the designation readily apparent.

4. Deposition testimony may be designated as "confidential," in whole or in part, within thirty (30) days after receipt of the written transcript by the designating party. Until that time, all deposition testimony shall be treated as confidential to permit counsel for the party deposed an opportunity to designate the deposition testimony as confidential. Deposition testimony may be designated as "confidential" only to the extent that information properly protectable under this Order is discussed.

5. No information designated as Confidential Information may be filed with the Court under seal absent a motion – filed and noticed for hearing prior to the due date of the particular filing – that shows good cause for sealing a portion of the record in the case. The mere fact that information has been designated as confidential by a party is insufficient to permit under-seal filing. A party seeking to file material under seal must set forth in its motion the reasons why the record should be sealed.

6. If this Court permits a document to be filed under seal, the party filing the document must also file a public-record version that includes the entire filing, except for the portions that are being filed under seal.

7. Any information that has not been reduced to documentary form may be designated as "confidential" by informing counsel for the parties in writing that it is "Confidential Information."

8. Confidential Information shall not be used for any purpose other than the defense or prosecution of this action in accordance with the provisions of this Order and shall not be discussed or disclosed to any person except as specifically authorized by this Order.

9. Confidential Information shall be disclosed only to:

    a. The Court (including any appellate court) and its staff;

    b. A jury trying this case;

    c. The named parties;

    d. Counsel of record for the parties, including employees of counsel;

    e. Outside consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel;

    f. Any other person or entity as to whom counsel for the producer or provided of the Confidential Information agree in writing, or whom the Court directs shall have access to such information; or

    g. Any deponent or trial witness in this case.

10. Disclosure of any Confidential Information to persons described in subparagraphs 9(e), 9(f) and 9(g) of this Order shall be solely for evaluation, testing, testimony, preparation for trial or other services related to this litigation. Any such person shall sign an appropriately-captioned document with the following text:

*DECLARATION OF [A.B.]*

*I, [A.B.], under penalty of perjury, hereby declare that I have read a Protective Order entered by the Court on [date] regarding the protection of confidential information produced in this case, that I understand the terms of this Order, and that I agree to be bound by its terms and to not publicly disclose anything designated as being confidential information, except as provided for by the Protective Order or by a further order of the Court.*

*Executed on this day, [date].*

11. This Order shall be without prejudice to the right of the parties or other persons to

(a) bring before the Court at any time the question of whether any particular document or information is confidential, or whether its use should be confidential, or (b) present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.  This Court, in considering any such motion, will engage in an appropriate balancing of the interests between privacy and public access to make a new determination of good cause in light of the facts then before the Court.

12. A party or other person objecting to the designation of Confidential Information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. Within fourteen days after such objection, the parties and any other objecting person shall confer in good faith in an effort to resolve the objections. If such conference does not resolve the objection, the person objecting to the designation may apply to the Court, by motion, for a ruling that material designated by a party as confidential shall not be treated as confidential. Pending determination by the Court, material designated by a party as confidential shall be treated as provided in this Order.

13. In the event of a disclosure of Confidential Information to a person not authorized to have had such disclosure made to him or her under the provisions of this Order, the party responsible for having made such disclosure shall immediately procure the return of the material, and inform counsel for the designating party whose Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information occurs.

14. The inadvertent production of any confidential, privileged or attorney work product documents shall be without prejudice to any claims that the document is confidential or privileged, and shall constitute neither a waiver of any claim or privilege that may otherwise attach thereto nor a general waiver of such claim or privilege. Upon demand of the producing

party, all copies of any inadvertently produced document shall be returned forthwith, and such documents shall not be introduced into evidence, or subject to production, in this or any other proceeding without the consent of the producing party.

15. Upon request of counsel for the Producing Party and within sixty (60) days after the final disposition of all claims and defenses asserted in this matter, by settlement or expiration of time to appeal, all Confidential Information must be returned to counsel for the Producing Party. The obligation to return Confidential Information includes the return of any and all copies of such Confidential Information, including but not limited to those copies in the custody or control of third parties set forth in paragraph 9(e), 9(f), and 9(g) of this Order. The provisions of this Order shall continue to be binding after the conclusion of this lawsuit.

16. Nothing in this Order shall prevent any party from objecting to discovery that it believes is improper.

17. Nothing in this Order shall prevent any interested member of the public to challenge the sealing of any documents.

18. The terms of this Order shall be binding on the parties and their attorneys.

IT IS SO ORDERED on this day, _____, 2008.

ENTER:    _____
          Matthew F. Kennelly
          United States District Court
          Northern District of Illinois