*M HW*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KAREN CASTON-PALMER,           )
individually and on behalf of the   )
defined class,                 )
                               )
         Plaintiff,          )    Judge Kennelly
                               )
      -vs-                     )    Case No.:    08 C 2818
                               )
NCO PORTFOLIO MANAGEMENT,      )    Magistrate Judge Valdez
INC., and                      )
                               )
NCOP CAPITAL, INC.,            )
                               )
         Defendants.         )
_____)
                               )
MICHELLE D. LODL,              )
individually and on behalf of the   )
defined class,                 )
                               )
         Plaintiff,          )    Judge Kennelly
                               )
      -vs-                     )    Case No.:    08 C 6056
                               )
NCO PORTFOLIO MANAGEMENT,      )    Magistrate Judge Valdez
INC.,                          )
                               )
         Defendant.          )

## FINAL ORDER AND JUDGMENT

On May 15, 2008, a class action lawsuit was filed by plaintiff Karen Caston-Palmer, against NCO Portfolio Management, Inc. asserting class claims under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §1692 *et seq.*, the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* (the "ICAA"), and the Illinois Consumer

Fraud Act, 815 ILCS 505/1 *et seq.* (the "ICFA")

On August 19, 2008, the *Caston-Palmer* Lawsuit was amended by adding additional FDCPA, ICAA and ICFA class claims. On November 6, 2008, a Second Amended Complaint was filed adding NCO Capital, Inc. as a defendant. Per the Second Amended Complaint, Plaintiff Karen Caston-Palmer alleged that NCO violated the FDCPA, ICAA and ICFA by filing lawsuits to collect on debts that were not purchased or owned by NCO.

On October 22, 2008, plaintiff Michelle Lodl filed a related class action case against NCO Portfolio Management, Inc. This action was originally assigned to a different Judge of this Court. On February 19, 2009, this Court granted Plaintiffs' motion for reassignment, finding that the Lodl lawsuit was related to the Caston-Palmer lawsuit. NCO Portfolio Management, Inc. and NCOP Capital, Inc. (collectively, "NCO") have denied any and all liability alleged in the Lawsuits.

On February 26, 2009, after extensive arms-length negotiations and discovery, the Parties entered into a Settlement Agreement (the "Agreement"), which is subject to review under Fed.R.Civ.P. 23. The proposed class action settlement relates to all claims in the *Caston-Palmer* Lawsuit and the *Lodl* Lawsuit (collectively, the "Lawsuits").

On March 9, 2009, the Court entered an Order of Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "Class Members") with

2

respect to the Lawsuits; (ii) appointed Plaintiffs Karen Caston-Palmer and Michelle D. Lodl as the Class Representatives; (iii) appointed Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel; and, (iv) set the date and time of the Fairness Hearing.

On July 14, 2009, after the required class action notices were mailed, a Fairness Hearing was held pursuant to Fed.R.Civ.P. 23 to determine whether the Lawsuits satisfied the applicable prerequisites for class action treatment; whether the proposed settlement was fundamentally fair, reasonable, and adequate; whether the settlement was in the best interest of Class Members; and whether the Agreement should be approved by the Court.

The Court has read and considered the Agreement and record.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject matter of the Lawsuits and over all settling parties hereto.

2.      Pursuant to Fed.R.Civ.P. 23, the Lawsuits are hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class Members:

> ALL INDIVIDUALS "NCO PORTFOLIO MANAGEMENT, INC.," "NCO PORTFOLIO MANAGEMENT," OR ANY OTHER NCO ENTITY SUED IN ILLINOIS FROM JANUARY 1, 2008 TO JANUARY 1, 2009.

3.      Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiffs Karen Caston-Palmer and Michelle D. Lodl as the Class Representatives, and the law firm of Edelman, Combs, Latturner & Goodwin, LLC as Class Counsel.

4.      The Court finds that the Lawsuits satisfy the applicable prerequisites for

3

class action treatment under Fed. R. Civ. P. 23 — namely:

A.    the Class Members are so numerous that joinder of all of them in the Lawsuits is impracticable;

B.    there are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.    the claims of the Plaintiffs are typical of the claims of the Class Members;

D.    the Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E.    a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

5.    The settlement of the Lawsuits, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the settling class members, especially in light of the benefits to the settling class members; the strength of the Plaintiffs' case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the amount of any potential total recovery for the class.

6.    The notification provided for and given to the Class Members was in compliance with the Preliminary Approval Order, meets the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitutes the best notice practicable under the circumstances. The Court finds that the notice clearly advised the Class Members of

their rights.

7.      The Agreement, which is attached hereto as Exhibit A and shall be deemed incorporated herein, and incorporating all terms specifically defined in the Agreement, is approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court, according to all terms in the Agreement.

8.      The Class Representatives, Settlement Class Members, and their successors and assigns are bound by the release contained in the Agreement, and have therefore fully compromised, settled, released and forever discharged the Released Claims against any of the Released Parties, as set forth in the Agreement, and by virtue of these proceedings and this Final Order and Judgment.  The release is contingent upon NCO's performance of its obligations as set forth in the Agreement.

9.      The Class Members were given an opportunity to object to the settlement. No Class Member objected to the settlement.

10.      Four individuals – Cheryl Lemanski, Steve Cleary, Martin Boughner and Elisa Boughner – have submitted requests for exclusion from the settlement.  The claims of Ms. Lemanski, Mr. Cleary, Mr. Boughner and Ms. Boughner are therefore dismissed without prejudice.  This Court finds that the claims of these four individuals shall be affected in no way by the class settlement before the Court.

11.      This Final Order and Judgment is binding on all Class Members, besides those who have sought exclusion.

12.    The Court approves attorneys' fees, costs, and expenses of $ 75,000 to be paid to Edelman, Combs, Latturner & Goodwin, LLC.

13.    Except as otherwise provided herein, the Lawsuit is hereby dismissed with prejudice in all respects.

14.    This Final Order and Judgment is not, and shall not be construed as, an admission by NCO of any liability or wrongdoing in this or in any other proceeding.

15.    The Court hereby restrains and enjoins all persons who have appeared in these proceedings and any other person from taking any actions interfering or inconsistent with this Final Order and Judgment and the Agreement that the Court hereby approves.

16.    The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuits or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement, Agreement, class membership, and Final Order and Judgment.

IT IS SO ORDERED.

DATED:  7-14-09
        7-14-2009

UNITED STATES DISTRICT COURT JUDGE